﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 190827-43075
DATE: November 29, 2019

ORDER

Service connection for multiple myeloma, claimed as due to herbicide agent exposure, is granted.

Service connection for prostate cancer, claimed as due to herbicide agent exposure, is granted.

FINDINGS OF FACT

1. The Veteran served in South Korea, visited the Korean DMZ Vietnam, and is presumed to have been exposed to the herbicide Agent Orange.

2. The Veteran has a current disability of multiple myeloma.

3. The multiple myeloma is etiologically related to the in-service exposure to herbicide agents.

4. The Veteran has a current disability of prostate cancer.

5. The prostate cancer is etiologically related to the in-service exposure to herbicide agents.

CONCLUSIONS OF LAW

1. Resolving reasonable doubt, the criteria for service connection for multiple myeloma, claimed as due to herbicide agent exposure, have been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1116, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.326.

2. Resolving reasonable doubt, the criteria for service connection for prostate cancer, claimed as due to herbicide agent exposure, have been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1116, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.326.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA), creates a new framework of review for veterans who disagree with VA’s decision on their claim. The rating decision on appeal was issued in August 2018. In October 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). 

The Veteran served on active duty in the United States Army from July 1967 to April 1969. The Veteran selected the Supplemental Claim lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the July 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. In August 2019, the Veteran timely appealed this rating decision to the Board and requested Direct Review.

Legal Authority for Service Connection

Service connection may be granted for disability arising from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303. As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. See 38 C.F.R. § 3.303(d).

Service connection may be granted on a presumptive basis for certain diseases associated with exposure to certain herbicide agents, even though there is no record of such disease during service, if they manifest to a compensable degree any time after service, in a veteran who had active military, naval, or air service for at least 90 days, during the period beginning on April 1, 1968 and ending on August 31, 1971, in or near the Korean DMZ, including the waters offshore, and other locations if the conditions of service involved duty or visitation in the Korean DMZ. See 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307, 3.309(e), 3.313. This presumption may be rebutted by affirmative evidence to the contrary. 38 U.S.C. § 1113; 38 C.F.R. §§ 3.307, 3.309. In this case, the Veteran was stationed at Camp Casey in South Korea and visited the Korean DMZ to perform duties as part of his military service. See DD Form 214; Military Personnel Records; October 2018 Lay Statements. 

The following diseases are deemed associated with herbicide agent exposure under VA law: AL amyloidosis, Chloracne or other acneform disease consistent with chloracne, Type 2 diabetes (also known as Type II diabetes mellitus or adult-onset diabetes), Hodgkin’s disease, Ischemic heart disease (including, but not limited to, acute, subacute, and old myocardial infarction; atherosclerotic cardiovascular disease including coronary artery disease (including coronary spasm) and coronary bypass surgery; and stable, unstable and Prinzmetal’s angina), all chronic B-cell leukemias (including, but not limited to, hairy-cell leukemia and chronic lymphocytic leukemia), Multiple myeloma, Non-Hodgkin’s lymphoma, Parkinson’s disease, early onset peripheral neuropathy, Porphyria cutanea tarda, Prostate cancer, Respiratory cancers (cancer of the lung, bronchus, larynx, or trachea), and Soft-tissue sarcoma (other than osteosarcoma, chondrosarcoma, Kaposi’s sarcoma, or mesothelioma). See 38 C.F.R. § 3.309(e). 

Notwithstanding the foregoing presumption provisions for herbicide agent exposure, a claimant is not precluded from establishing service connection with proof of direct causation. See 38 C.F.R. § 3.303(d); Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994); see also Ramey v. Gober, 120 F.3d 1239, 1247-48 (Fed. Cir. 1997), aff’g Ramey v. Brown, 9 Vet. App. 40 (1996); Brock v. Brown, 10 Vet. App. 155, 160-61 (1997).

1. Service Connection for Multiple Myeloma

2. Service Connection for Prostate Cancer

The Veteran contends that the multiple myeloma and prostate cancer were caused by in-service herbicide agent exposure when he was station at Camp Casey in South Korea.

The AOJ found that the Veteran has current disabilities of multiple myeloma and prostate cancer. See February 2019 VA Examination. 

The Board notes that both multiple myeloma and prostate cancer are diseases, by regulation, that may be presumed as being the result of the herbicide agent exposure under 38 C.F.R. § 3.309(e).

The question in this case is whether the Veteran operated in or near the Korean DMZ between April 1, 1968 and August 31, 1971.

The Board finds that the evidence is in equipoise as to whether the Veteran operated in or near the Korean DMZ between April 1, 1968 and August 31, 1971. The Board notes that the Veteran served between July 1967 and April 1969 and was stationed at Camp Casey in South Korea. In August 2014 VA found that the “information required to corroborate and/or verify herbicide exposure was insufficient to send to the Joint Services Records Research Center and/or insufficient to allow for meaningful research of an Army or National Archives and Records Administration (NARA) records.” See August 2014 VA Memo. However, since August 2014, several lay statements have been associated with the record to corroborate the Veteran’s service in or near the Korean DMZ. A fellow servicemember, who served with the Veteran, claimed that they performed field exercises near the Korean DMZ, explaining that he could hear “propaganda loud speakers,” pick up paper propaganda leaflets that North Korea dropped from airplanes, and saw North Korean watch towers. See October 2018 Lay Statement. Another fellow servicemember, who also served with the Veteran, claimed that he accompanied the Veteran north of Camp Casey to perform field exercises in the Korean DMZ. 

(Continued on the next page)

 

As the multiple myeloma and prostate cancer are presumed to be related to the herbicide exposure during service, resolving reasonable doubt in the Veteran’s favor regarding the herbicide agent exposure, the criteria for presumptive service connection based on herbicide exposure in the Korean DMZ are met with regard to the claims for service connection for multiple myeloma and prostate cancer. 38 U.S.C. § 1116; 38 C.F.R. § 3.309(e). As the full benefit of service connection is being granted on the basis of presumptive service connection due to herbicide exposure for both claims, there is no need to discuss entitlement to service connection on any other basis, as other theories of service connection have been rendered moot, leaving no question of law or fact to decide. See 38 U.S.C. § 7104 (the Board’s jurisdiction is only over “questions” of fact and law in a “matter” on appeal).

 

J. PARKER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Costantino, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.